UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
|     Yosi Shemtov, | Case No. 14-43649 - 608 |
|                 Debtor. | |

**DISCLOSURE STATEMENT IN RESPECT TO
DEBTOR'S CHAPTER 11 PLAN OF
REORGANIZATION DATED MAY 11, 2015**

**I**

**INTRODUCTION**

On July 17, 2014 Yosi Shemtov ("Debtor"), filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York. In May 2015, the Debtor filed with the Court its proposed chapter 11 plan of reorganization (the "Plan") dated May 11, 2015. The Plan sets forth the Debtor's proposed settlement with its creditors who have been divided into classes as will be explained herein below.  Pursuant to §1125(b) of the Bankruptcy Code, the Debtors have prepared and filed this disclosure statement dated May 11, 2015 (the "Disclosure Statement") for submission to holders of claims against the Debtors and their assets for use in connection with determining how to vote on the Plan.

The Court has set              , 2015 at              p.m. for a hearing on the acceptance or rejection and confirmation of the Plan.

The purpose of this Disclosure Statement is to inform all such holders of claims against the Debtors information that may be deemed material, important, and necessary in order for said

1

parties to make an informed judgment about the Plan, and to arrive at an informed decision in exercising their right to object to the Plan. The approval by the Court of this Disclosure Statement does not constitute a recommendation as to the merits of the Plan, only that the Disclosure Statement contains "adequate information" from which creditors and Equity Interest Holders may form an opinion as to the merits of the Plan.

Creditors may vote on the Plan by filling out and mailing the accompanying ballot to counsel for the Debtor, ROSENBERG, MUSSO & WEINER, 26 Court Street, Suite 2211, Brooklyn, New York 11242, on or before                . Your vote on accepting or rejecting the Plan is important and your ballot must be received on or before                to be considered. In order for the Plan to be accepted, creditors who hold at least two-thirds (2/3rds) in dollar amount and more than one-half (½) in number of the allowed claims voting in each impaired class must vote in favor of the Plan.

NO REPRESENTATION CONCERNING THE DEBTORS (PARTICULARLY AS TO THE DEBTORS' BUSINESS OPERATIONS OR VALUE OF PROPERTY) ARE AUTHORIZED BY THE DEBTORS OTHER THAN SET FORTH ON THIS STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THAN CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON IN ARRIVING AT YOUR DECISION AND SHOULD BE REPORTED TO COUNSEL FOR THE DEBTORS, ROSENBERG, MUSSO & WEINER, ESQS., 26 COURT STREET, SUITE 2211, BROOKLYN, NEW YORK 11242, WHO IN TURN, SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

The office of the United States Trustee did not appoint a committee of unsecured

2

creditors in this case.

## II

## GENERAL BACKGROUND

The Debtor owns the eight real properties at 86-80 Midland Parkway, Jamaica, New York, 86-82 Midland Parkway, Jamaica, New York, 86-84 Midland Parkway, Jamaica, Brooklyn, New York, 86-86 Midland Parkway, Jamaica, New York, 137-82 70th Avenue, Flushing, New York, 100-21 39th Avenue, Corona, New York, 3-27 125th Street, College Point, New York, and 391 Van Siclen Avenue, Brooklyn, New York. Prior to the Filing Date, The Debtor defaulted in paying the mortgages on the real properties and the mortgagees commenced foreclosure actions. The Debtor had no choice except to file a Chapter 11 petition in this Court to obtain the opportunity to work out a payment plans with his secured creditors.

## III

## CHAPTER 11 CASE

1.    Operations

Since the Filing Date, the Debtor has managed his properties and collected rent from the tenants at 86-80 Midland Parkway, Jamaica, New York, 86-82 Midland Parkway, Jamaica, New York, 86-84 Midland Parkway, Jamaica, Brooklyn, New York, 86-86 Midland Parkway, Jamaica, New York, and 137-82 70th Avenue, Flushing, New York. The other three properties do not generate any income. In 2015, the Debtor made modification proposals to Wells Fargo, which holds the first mortgage on the five income producing properties. Wells Fargo has asked for additional information to evaluate the Debtor's proposed modification, and the Debtor has sent that information. The Debtor's proposed Chapter 11 Plan is based on the modification proposals.

The Debtor has not made any post-petition transfers out of the ordinary course of business.  He

3

has not obtained any third party financing. A summary of the Debtor's post-petition operations is annexed hereto as Exhibit "A".

## IV

## FINANCIAL INFORMATION AND LIQUIDATION ANALYSIS

Schedules of the Debtor's assets and liabilities have been filed with the Court and may be inspected by all interested parties. A summary of the Debtor's assets and liabilities was filed on August 5, 2014 and is annexed hereto as Exhibit "B". The Debtor proposes modification of the first mortgages on the five income producing properties, settlement of the second mortgages on those properties (one does not have a second mortgage), and surrender of the three other properties to the mortgage holders. The monies necessary to make all of the proposed payments will come from the rental income of the five properties that the Debtor will retain, his salary from Eastern BH Mechanical, Inc., and cash on hand. Annexed as Exhibit "C" is a projection which shows the anticipated income and expenses of the Debtor for the next five years. The projections are conservative and are based on modest increases in rental income and no increase in salary. The projections show that the Debtor will have sufficient income to pay all of his proposed payments for the next five years and retain a surplus each year.

Annexed hereto as Exhibit D are broker opinion letters for the eight properties owned by the Debtor. Annexed as Exhibit E is the Debtor's schedule D which lists all of the mortgage holders on the properties. A comparison of the opinion letters and the Debtor's schedule D, shows that except for the property at 86-86 Midland Parkway, the amount owed to the first mortgagee on each property is more than the value of the property. The eight properties are the only significant assets owned by the Debtor. Because there is no equity in any of the properties, the Debtor submits that in the event of a chapter 7 liquidation, unsecured creditors would receive no distribution.

4

The Debtor represents that he has not made preferential payments to his creditors. The Debtor has not participated in any transfers or conveyances of his assets other than in the ordinary course of business. The Debtor and his accountants have reviewed the Debtor's books and records to determine if any actions to avoid transfers exist and have discussed their findings with the Debtor's attorneys. After such initial investigation, it has been determined that no actions to avoid transfers exist, including, but not limited to, actions under 11 U.S.C. 544(b), 547, 548, 549, 550 or applicable state law. Counsel for the Debtor does not know of, or have reason to know of, the existence of any such actions.

The Debtor will pay all United States Trustee fees and file all operating reports for so long as the case is open.

## V

## **FUTURE OPERATIONS**

The Plan provides for the retention of the real properties at 86-80 Midland Parkway, Jamaica, New York, 86-82 Midland Parkway, Jamaica, New York, 86-84 Midland Parkway, Jamaica, Brooklyn, New York, 86-86 Midland Parkway, Jamaica, New York, and 137-82 70th Avenue, Flushing, New York, and surrender of the real properties at 100-21 39th Avenue, Corona, New York, 3-27 125th Street, College Point, New York, and 391 Van Siclen Avenue, Brooklyn, New York, to the holders of the first mortgage on those three properties. The Debtor shall continue to own 86-80 Midland Parkway, Jamaica, New York, 86-82 Midland Parkway, Jamaica, New York, 86-84 Midland Parkway, Jamaica, Brooklyn, New York, 86-86 Midland Parkway, Jamaica, New York, and 137-82 70th Avenue, Flushing, New York and operate those properties after confirmation.

# VI

## SUMMARY OF PLAN OF REORGANIZATION

The following is a brief summary of the Plan.  Creditors are urged to read the Plan in full.  Creditors are further urged to consult with counsel, or with each other in order to fully understand the Plan and exhibits attached to it.  The Plan is complex inasmuch as it represents a proposed legally binding agreement by the Debtor with its creditors.

The Plan contains thirteen classes of Claim holders as well as unclassified claims such as Administrative Claims, fees due to the United States Trustee, and Tax Claims.


## UNCLASSIFIED ADMINISTRATIVE AND TAX CLAIMS

Administrative and Tax Claims consist of all Administrative and Tax Claims against the Debtor. As provided by Section 1123(a)(1) of the Bankruptcy Code, Administrative, United States Trustee Fees and Tax Claims against the Debtor shall not be classified for purposes of voting or receiving Distributions under the Plan.  All such Claims shall be treated separately as unclassified Claims on the terms set forth in this Article.

Administrative Claims.


Each holder of an Allowed Administrative Claim, other than current payables, shall be paid in full on the Effective Date or upon such other terms that may be agreed upon by the Holder of such Claim and the Debtor.  Current payables, which are trade debts incurred by the Debtor in the ordinary course of business and not expenses of administration in this case or unpaid post-petition taxes, will be paid in the ordinary course of business according to the terms established between the Debtor and such creditors.  Professional fees for the Debtors' attorneys

6

are estimated at $10,000.00. The Debtor is are current on all of his obligations other than payments to Secured Creditors and has no current payables.

## UNITED STATES TRUSTEE FEES

All outstanding United States Trustee Fees will be paid on the Effective Date.  The Reorganized Debtors shall pay all statutory fees due and payable under 28 U.S.C. §1930, plus accrued interest under 31 U.S.C. §3717 on all disbursements, including plan payments and disbursements inside and outside of the ordinary course of business, until entry of a final decree, dismissal, or conversion of the case to chapter 7. Until entry of a final decree, dismissal, or conversion of the case to Chapter 7, the Debtors and/or the Distributing Agent shall file a post-confirmation operating report on a quarterly basis. The Debtors will file an application and proposed order for a final decree within fourteen (14) days of full administration of the Debtors' estates.

Tax Claims.

Tax Claims consist of Claims of governmental units entitled to priority treatment, but does not include secured claims for real estate taxes or water charges, to wit. The only priority tax claim was filed by the New York State Department of Taxation in the amount of $5607.05. This claim, if allowed, will be paid in full on the Effective Date.

# 1.

## CLASSIFICATION OF CLAIMS AND

## INTERESTS AND TREATMENT THERREOF

Claims against the Debtors and interests in the Debtors (other than Administrative, United States Trustee Fees, and Tax Claims) are hereby classified as follow:

(1)   Class 1 - Wells Fargo Secured Claim

        (a)   **Classification:** Class 1 consists of the Secured Claim of Wells Fargo, which holds a mortgage on the Debtor's property at 86-80 Midland Parkway, Jamaica, New York.

        (b)   **Treatment:** The Class 1 claim shall be Allowed in the amount of $900,000.00.  Except to the extent that Wells Fargo agrees to different treatment, on the Effective Date, (i) the Debtor shall pay Wells Fargo $450,000.00 amortized over 40 years, with interest at 2% per annum, and (ii)) at the end of 30 years from the Effective Date, the Debtor will pay the remaining principal balance, together with accrued interest.  Payments will commence on the first day of the month after the Effective Date and will be in the amount of $1350.00 per month, plus escrow for taxes in the amount of $938.00 for a total payment of $2288.00.  Well Fargo shall retain its Lien on   86-80 Midland Parkway until the entire Class 1 claim is paid in full.

        (c)   **Voting:** Class 1 is Impaired.

(2)     Class 2 - Ocwen Financial Corporation Secured Claim

      (a)     **Classification:** Class 2 consists of the Secured Claim of Ocwen Financial Corporation ("Ocwen"), which holds the second mortgage on the property located at 86-80 Midland Parkway, Jamaica, New York.

      (b)     **Treatment:** The Ocwen Secured Claim shall be Allowed in the amount of $139,000.00.  The Debtor shall pay Ocwen on the Effective Date, 5% of the Allowed Claim in full settlement of its Lien and its claim against the Debtor.  Upon payment, any mortgage or lien held by Ocwen shall be satisfied and discharged of record against the property at 86-80 Midland Parkway, Jamaica, New York.

      (c)     **Voting:** Class 2 is Impaired.

(3)     Class 3 - Wells Fargo Secured Claim

      (a)     **Classification:** Class 1 consists of the Secured Claim of Wells Fargo, which holds a mortgage on the Debtor's property at 86-82 Midland Parkway, Jamaica, New York.

      (b)     **Treatment:** The Class 1 claim shall be Allowed in the amount of $1,000,000.00.  Except to the extent that Wells Fargo agrees to different treatment, on the Effective Date, (i) the Debtor shall pay Wells Fargo $500,000.00 amortized over 40 years, with interest at 2% per annum, and (ii) at the end of 30 years from the Effective Date, the Debtor will pay the remaining principal balance, together

with accrued interest.  Payments will commence on the first day of the month after the Effective Date and will be in the amount of $1500.00 per month, plus escrow for taxes in the amount of $1193.00 for a total payment of $2693.00.  Wells Fargo shall retain its Lien on 86-82 Midland Parkway until the entire Class 1 claim is paid in full.

(c)    **Voting:** Class 3 is Impaired.

(4)    Class 4 - Ocwen Financial Corporation Secured Claim

(a)    **Classification:** Class 4 consists of the Secured Claim of Ocwen Financial Corporation ("Ocwen"), which holds the second mortgage on the property located at 86-82 Midland Parkway, Jamaica, New York.

(b)    **Treatment:** The Ocwen Secured Class shall be Allowed in the amount of $134,000.00.  The Debtor shall pay Ocwen on the Effective Date, 5% of the Allowed Claim in full settlement of its Lien and its claim against the Debtor.  Upon payment, any mortgage or lien held by Ocwen shall be satisfied and discharged of record against the property at 86-82 Midland Parkway, Jamaica, New York.

(c)    **Voting:** Class 4 is Impaired.

(5)    Class 5 Wells Fargo Secured Claim

(a)    **Classification:** Class 5 consists of the Secured Claim of Wells Fargo, which holds a mortgage on the Debtor's property at 86-84

Midland Parkway, Jamaica, New York.

(b)    **Treatment:** The Class 1 class shall be Allowed in the amount of $1,219,511.62, the amount of the claim filed by Wells Fargo agrees to different treatment, on the Effective Date, (i) the Debtor shall pay Wells Fargo $610,000.00 amortized over 40 years, with interest at 2% per annum, and (ii) at the end of 30 years from the Effective Date, the Debtor will pay the remaining principal balance, together with accrued interest.  Payments will commence on the first day of the month after the Effective Date and will be in the amount of $1847.00 per month, plus escrow for taxes in the amount of $736.00 for a total payment of $2583.00.  Well Fargo shall retain its Lien on 86-84 Midland Parkway until the entire Class 5 claim is paid in full.

(c)    **Voting:** Class 5 is Impaired.

(6)    Class 6 - Wells Fargo Secured Claim

(a)    **Classification:** Class 6 consists of the Secured Claim of Wells Fargo, which holds a mortgage on the Debtor's property at 86-86 Midland Parkway, Jamaica, New York.

(b)    **Treatment:** The Class 6 claim shall be Allowed in the amount of $612,000.00.  Except to the extent that Wells Fargo agrees to different treatment, on the Effective Date, (i) the Debtor shall pay Wells Fargo $459,000.00 amortized over 40 years, with interest at 2% per annum, and (ii) at the end of 30 years from the Effective

Date, the Debtor will pay the remaining principal balance, together with accrued interest.  Payments will commence on the first day of the month after the Effective Date and will be in the amount of $1377.00 per month, plus escrow for taxes in the amount of $655.00 for a total payment of $2032.00.  Wells Fargo shall retain its Lien on 86-86 Midland Parkway until the entire Class 1 claim is paid in full.

    (c)   **Voting:** Class 6 is Impaired.

(7)    Class 7 - Ocwen Financial Corporation Secured Claim

    (a)   **Classification:** Class 7 consists of the Secured Claim of Ocwen Financial Corporation ("Ocwen"), which holds the second mortgage on the property located at 86-86 Midland Parkway, Jamaica, New York.

    (b)   **Treatment:** The Ocwen Secured Claim shall be Allowed in the amount of $143,000.00.  The Debtor shall pay Ocwen on the Effective Date, the Allowed Claim over 30 years, with interest at 2% per annum.  Payments will commence on the first day of the month after the Effective Date and shall be in the amount of $541.00 per month.

    (c)   **Voting:** Class 7 is Impaired.

(8)    Class 8 - Wells Fargo Secured Claim

    (a)   **Classification:** Class 8 consists of the Secured Claim of Wells Fargo, which holds a mortgage on the Debtor's property at 137-82

12

70th Avenue, Flushing, Jamaica, New York.

(b)    **Treatment:** The Class 8 claim shall be Allowed in the amount of $863,000.00. Except to the extent that Wells Fargo agrees to different treatment, on the Effective Date, (i) the Debtor shall pay Wells Fargo $647,250.0 amortized over 40 years, with interest at 2% per annum, and (ii) at the end of 30 years from the Effective Date, the Debtor will pay the remaining principal balance, together with accrued interest. Payments will commence on the first day of the month after the Effective Date and will be in the amount of $1941.00 per month, plus escrow for taxes in the amount of $545.00 for a total payment of $2486.00. Wells Fargo shall retain its Lien on 86-86 Midland Parkway until the entire Class 8 claim is paid in full.

(c)    **Voting:** Class 8 is Impaired.

(9)    Class 9 - Ocwen Financial Corporation Secured Claim

(a)    **Classification:** Class 9 consists of the Secured Claim of Ocwen Financial Corporation ("Ocwen"), which holds the second mortgage on the property located 137-82 70th Avenue, Flushing, New York.

(b)    **Treatment:** The Ocwen Secured Claim shall be Allowed in the amount of $63,000.00. The Debtor shall pay Ocwen on the Effective Date, 5% of the Allowed Claim in full settlement of its Lien and its claim against the Debtor. Upon payment, any

13

mortgage or lien held by Ocwen shall be satisfied and discharged of record against the property at 137-82 70th Avenue, Flushing, New York.

(c)    **Voting:** Class 9 is Impaired.

(10)    Class 10 - America's Secured Claim

(a)    **Classification:** Class 10 consists of the Secured Claim of America's Servicing, which has a mortgage on the Debtor's property at 100-21 39th Avenue, Corona, New York.

(b)    **Treatment:** The Debtor shall surrender the property to America's Servicing in full satisfaction of its Secured Claim.

(c)    **Voting:** Class 10 is Impaired.

(11)    Class 11 - America's Servicing Secured Claim

(a)    **Classification:** Class 11 consists of the Secured Claim of America's Servicing, which has a mortgage on the Debtor's property at 3-27 125th Street, College Point, New York.

(b)    **Treatment:** The Debtor shall surrender the property to America's Servicing in full satisfaction of its Secured Claim.

(c)    **Voting:** Class 11 is Impaired.

(12)    America's Servicing Secured Claim

(a)    **Classification:** Class 12 consists of the Secured Claim of America's Servicing, which has a mortgage on the Debtor's property at 391 Van Siclen Avenue, Brooklyn, New York.

(b)    **Treatment:** The Debtor shall surrender the property to America's

Servicing in full satisfaction of its Secured Claim.

    (c)    **Voting:** Class 12 is Impaired.

(13)    Unsecured Claims

    (a)    **Classification:** Class 13 consists of all Unsecured Claims, including the claim of Ocwen which is a second mortgage on the property at 100-21 39th Avenue, Corona, New York that the Debtor is surrendering to America's Servicing.

    (b)    **Treatment:** Except to the extent that a Holder of the Unsecured Claim agrees to different treatment, on the Effective Date, each holder of an Allowed Unsecured Claims shall receive 10% of their Allowed Claim on the Effective Date.

    (c)    **Voting:** Class 13 is Impaired.

With certain exceptions, one of the requirements for confirmation is that a plan not provide any payments to a junior class unless all superior classes are paid in full.  Since secured creditors and unsecured creditors are superior to Equity Interest Holders, Equity Interest Holders may not retain their interest unless one of three situations occur:

1.    The plan provides for full payment to general unsecured creditors;

2.    The classes of impaired creditors waive their rights by consenting to the plan as proposed.

3.    If the unsecured creditors vote as a class to accept a plan which provides for less than full payment to them while permitting stockholders to retain their interest, their acceptance constitutes the waiver referred to in item 2 above.

Because the Plan modifies the rights of secured creditors and proposes to pay less than

15

100% to unsecured creditors, all creditors are impaired and entitled to vote on the Plan.

The Debtors represent that all unpaid administrative obligations will be paid on the Effective Date, including unpaid post petition taxes and fees for services rendered by the professionals in this matter as may be allowed by the Court.

The Court set          , as the last day for filing pre-petition Claims against the Debtor. The Debtor, its counsel, and its accountant have reviewed all of the Claims that have been filed and does not anticipate filing any objections to claims. The Plan provides that all objections to Disputed Claims shall be filed within sixty (60) days from confirmation.


## VII

## REQUIREMENTS FOR CONFIRMATION OF THE PLAN

At the confirmation hearing, the Court will determine whether the provisions of Section 1129 of the Code have been satisfied.  If all of the provisions of Section 1129 are met, the Court may enter an order confirming the Plan.  The Debtor believes that all the requirements of Section 1129 will be satisfied.

Section 1129, as applicable here, provides as follows:

1.    The plan must comply with the applicable provisions of the Code, including section 1123 which specifies the mandatory contents of a plan and section 1122 which requires that claims and interests be placed in classes with "substantially similar" claims and interests (Section 1129(a)(1)).

2.    The Debtor must comply with the applicable provisions of the Code (Section 1129(a)(2)).

3.    The plan must have been proposed in good faith and not by any means forbidden

16

by law (Section 1129(a)(3)).

4.    Any payment made or to be made by the Debtor or its successor, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, must be disclosed to the Court and approved or subject to the approval of the court as reasonable (Section 1129(a)(4)).

5.    The Debtor must disclose the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer or voting trustee of the Debtor, of an affiliate of the Debtor participating in the plan with the Debtor, or of a successor to the Debtor under the plan.  The appointment to, or continuance in, such office of such individual must be consistent with the interests of the Debtor's creditors, equity holders, and with public policy. The Debtor must also disclose the identity of any insider that will be employed or retained by the Debtor or its successor under the plan and the nature of any compensation for such insider (Section 1129 (a)(5)).

6.    Any governmental regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the Debtor has approved any rate change provided for in the plan, or such rate change is expressly conditioned on such approval (Section 1129(a)(6)).

7.    The plan must meet the "best interests of creditors" test which requires that each holder of a claim or interest or a class of claims or interests that is impaired under a plan either accept the plan or receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated on such date under Chapter 7 of the Code.  If the holders of a class of secured claims made an election under Section 1111(b) of the Code, each holder of a claim in such electing class must receive or retain under the plan on account of

17

its claim, property of a value, as of the effective date of the plan, that is not less than the value of its interest in the Debtor's interest in the property that secures its claim (Section 1129(a)(7)). To calculate what non-accepting holders would receive if the Debtor was liquidated under chapter 7, the Court must determine the dollar amount that would be generated upon disposition of the Debtor's assets and reduce such amount by the costs of liquidation. Such costs would include the fees of a trustee (as well as those of counsel and other professionals) and all expenses of sale.

8.      Each class of claims or interest must either accept the plan or not be impaired under the plan. (Section 1129(a)(8)).

9.      At least one impaired class must accept the plan, determined without including the acceptance of the plan by any insider holding a claim in such class (Section 1129(a)(10)).

10.     The plan must be "feasible." In other words, it cannot be likely that confirmation of a plan will be followed by the liquidation, or the need for further financial reorganization, of the Debtor or of any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan (Section 1129(a)(11)).

11.     All fees required to be paid under the Bankruptcy Code have been paid or the plan provides for such payment on its effective date (Section 1129(a)(12).

12.     The plan provides for the continuation after its effective date of payment of all retiree benefits at the level established pursuant to Section 1114(e)(a)(B) or (g) of the Code, at any time prior to confirmation of the plan, for the duration of the period the debtor is obligated to provide such benefits.

The Debtor believes that the Plan satisfies all of the statutory requirements of Chapter 11 of the Code, that the Debtor has complied or will have complied with all of the requirements of Chapter 11 and that the proposal of the Plan is made in good faith.

18

The Debtor believes that the holder of each of the Claims Impaired under the Plan will receive, on the Effective Date, cash payments in an amount not less than the amount likely to be received if the Debtor was liquidated in a case under chapter 7 of the Code. At the confirmation hearing, the Court will determine whether the holder of each of the Impaired Claims will receive distributions under the Plan which are equal to or greater than the distributions such holder would receive if the Debtor were liquidated under chapter 7 of the Code.

If a Creditor does not believe that the Plan satisfies all of the requirements of Section 1129 of the Code, it should consult with its counsel.

Dated: Brooklyn, New York
   May 11, 2015

        By: _____
          Yosi Shemtov