UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                    Chapter 11

    Yosi Shemtov,                        Case No. 14-43649-cec

            Debtor.                    Judge: Chief Judge Carla E. Craig
----------------------------------------------------------X

## OBJECTION TO DEBTOR'S
## DISCLOSURE STATEMENT DATED MAY 10, 2015

HSBC Bank USA, N.A. as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates Series 2005-AP3 (hereinafter "HSBC Bank"), by and through its counsel, Frenkel, Lambert, Weiss, Weisman and Gordon, LLP, hereby files this objection (the "Objection") to Debtor's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code dated May 10, 2015 (the "Disclosure Statement") and respectfully states as follows:

### PRELIMINARY STATEMENT

The Disclosure Statement should not be approved because Debtor's proposed plan annexed thereto is not confirmable and because the Disclosure Statement itself is not feasible and does not contain "adequate information" required by 11 U.S.C. Section 1125(B).

### BACKGROUND

1. On July 17, 2014 (the "Petition Date"), Yosi Shemtov (the "Debtor") filed a voluntary petition with this Court for relief under Chapter 11 of Title 11 of the United States Code.

2. Since that time the Debtor has remained in possession of his assets as a debtor-in-possession.

3. HSBC Bank is a senior secured creditor with respect to the real properties located at 86-86 Midland Parkway, Jamaica Estates, NY 11432 and 86-86 Midland Parkway, Jamaica Estates, NY 11432 (herein after "86-80 Midland Property" and "86-86 Midland Property" respectively and "Properties" collectively).

4. Regarding the 86-86 Midland Property, upon information and belief, the Debtor is in default in failing to pay the April 1, 2008 monthly payment and each and every payment thereafter. Regarding the 86-80 Midland Property, upon information and belief, the Debtor is in default in failing to pay the March 1, 2008 monthly payment and each and every payment therafter.

5. By virtue of the foregoing, the Debtor is currently in default under the loan documents on both the 86-86 Midland Property and the 86-80 Midland Property.

6. In addition to the Debtor's default in making his monthly payments on these Properties, the Debtor has failed to make payments for real estate taxes and insurance, and in order to protect its interest, HSBC Bank has advanced sums in taxes and insurance on both Properties.

## DEBTOR'S DISCLOSURE STATEMENT
## DOES NOT CONTAIN ADEQUATE INFORMATION

7. One of the fundamental policies underlying the chapter 11 reorganization process is full disclosure by a debtor. *Momentum Mfg. Corp.* v. *Employee Creditors Comm. (In re Momentum Mfg. Corp.),* 25 F.3d 1132, 1136 (2d Cir. 1994). Congress intended the disclosure statement to be the primary source of information upon which creditors and shareholders rely in making an informed judgment about a plan of reorganization. *Id.*

8. Under section 1125(b) of the Bankruptcy Code, a proposed disclosure statement may not be approved by a court unless it provides "adequate information" to holders of claims or interests. 11 U.S.C. § 1125(b). Section 1125(a)(1) defines "adequate information" as: "of a kind, and in sufficient detail, as far as is reasonably practicable ... that would enable ... a hypothetical investor of the relevant class to make an informed judgment about the plan ..." 11 U.S.C. § 1125(a)(1); *Momentum Mfg. Corp.*, 25 F.3d at 1136.

9. The purpose of section 1125 is to assist the creditors in evaluating the plan on its face. *Colorado Mountain Express, Inc., v. Aspen Limousine Service, Inc. et al. (In re Aspen Limousine Svcs, Inc.)*, 193 B.R. 325, 334 (D. Colo. 1996). The importance of full disclosure is "underlaid by the reliance placed upon the disclosure statement by the creditors and the court."*Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 417 (3d Cir. 1988). Accordingly, if a disclosure statement lacks "adequate information" pursuant to § 1125(a)(1 ), so as to frustrate a hypothetical investor's informed judgment about the plan, it could later preclude the subsequent confirmation of such plan. *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990)

## **FAILURE TO PROVIDE A BASIS FOR VALUE OF REAL PROPERTY**

10. The Debtor proposes to modify the debt owed to HSBC Bank on both the 86-86 Midland Property and the 86-80 Midland Property, yet the Debtor fails to provide an recent appraisal establishing the value. The Debtor's disclosure statement annexed a broker's price opinion, but same does not provide the full detail that an appraisal would provide and fails to provide HSBC with a sufficient source of valuation upon which to review the plan. HSBC BANK respectfully objects to

valuation set forth in the disclosure statement and the proposed plan and the lack of supporting evidence renders the Disclosure Statement inadequate.

11. Additionally, HSBC BANK objects to the Disclosure Statement as the Debtor's proposed treatment of both the 86-86 Midland Property and the 86-80 Midland Property claim suggests reducing the interest rate to 2% and amoritizing the loan over 40 years with a balloon payment due in thirty years, when the terms of the notes explicitly provide that the interest rate is 7.375% and maturity date of 2035. Once again no basis is given for the reduction of this interest rate/maturity date extension and pursuant to 11 USC § 506, the Debtor must bring an action to determine the value of the subject property prior to attempting to modify a secured creditor's rights within the provisions of a debtor's plan.

12. Moreover, and as set forth above, HSBC Bank has not has not received any payment from the Debtor since 2008. The failure to make such payments is not only a default under the loan documents, but continues to erode the value of the Properties. As for the proposed plan, the proposed payments amortized over forty years do not meet the test of 11 U.S.C. § 1129(b)(2)(A) because they do not total at least the value of HSBC Banks interest in its collateral or provide the "indubitable equivalent" or its claim. The value of the Properties are continually eroding and a forty year amortization is too long to adequately protect the secured creditor.

13. Accordingly, HSBC Bank objects to the adequacy of the Disclosure Statement as HSBC Bank objects to the proposed terms of payment, which are insufficient to satisfy the monthly post-petition payments.

## FAILURE TO DISCLOSE CONDITIONS OF THE PROERTIES

14. In the instant case, the Debtor fails to reveal material information that would enable a creditor to decide whether or not to vote on the plan.

15. The Debtor's Disclosure Statement fails to: 1) Disclose the number of units being rented in each of the Properties; 2) Disclose the legal nature of each of the properties (whether they are a legal one or two family dwelling); 3) Provide copies of leases for each unit being rented: 4) Disclose why the amount of rent received varies from month to month; 5) Explain how the approximately $81,000.00 in the Debtor's operating report will be disbursed; 6) Explain how HSBC Bank's post-petition monthly mortgage payments will be paid; 7) Provide for post-petition pre- confirmation administrative tax/insurance claims for advances made to protect the property; 8) Provide for the payment of homeowner's insurance on each of the Properties; 9) Further, concerning the balloon payments that will become due thirty years from the Effective Date, Debtor does not provide any explanation as to how these sums will be paid.

16. The light of the foregoing deficiencies, the Disclosure statement is insufficient to establish "adequate information" as set forth in U.S.C. § 1125.

17. If the Debtor does not amend the Disclosure Statement to address the issues outlined above, all of which may assist creditors (including HSBC BANK) in making an informed judgment as to whether to vote in favor of the plan, the Disclosure Statement cannot be approved pursuant to section 1125 of the Bankruptcy Code and the entire plan process will remained stalled. *See Crowthers,* 120 B.R. 300. Without these necessary clarifications and additions, the Disclosure Statement is incomplete, potentially confusing and lacking

adequate information by which creditors may make an informed decision regarding the proposed plan. *Id.*

**WHEREFORE,** for the reasons set forth herein, HSBC BANK respectfully requests that until the Debtor amends his Disclosure Statement, consistent with this Objection, the Court deny the approval of the Disclosure Statement, together with such other relief as this Court deems just and proper.

Dated: Bay Shore, New York
   June 10, 2015

            FRENKEL, LAMBERT, WEISS,
            WEISMAN & GORDON, LLC

            By: _____
            Karen Sheehan, Esq.
            Attorneys for HSBC Bank
            53 Gibson Street
            Bay Shore, New York 11706
            (631)969-3100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE:

    Yosi Shemtov

                                     Debtor.
-----------------------------------------------------------------x

CASE NO.: 14-43649-cec

CHAPTER 11

Judge: Carla E. Craig

STATE OF NEW YORK )
                         ) ss.:
COUNTY OF SUFFOLK )

    Jessica Spiegelman, being duly sworn, deposes and says: deponent is not a party to the action. Is over 18 years of age and resides in Suffolk County in the State of New York.

    On June 10, 2015, deponent served the within Objection to Debtor's Disclosure Statement Dated May 10, 2015 upon:

Bruce Weiner, Esq.
Rosenberg, Musso & Weiner, LLP
Attorney for the Debtor & Debtor in possession
26 Court Street, Suite 2211
Brooklyn, NY 11242

Yosi Shemtov
86-80 Midland Parkway
Jamaica, NY 11432-3016

American Express Bank, FSB
c/o Gilbert B. Weisman, Esq.
Becket & Lee LLP
POB 3001
Malvern, PA 19355 0701

America's Servicing Company as servicer
c/o Shapiro, DiCaro & Barak, LLC
105 Maxess Road, Suite #109
Melville, NY 11747-3854

Asset Acceptance LLC
POB 2036
Warren, MI 48090-2036

HSBC Bank, USA, NA as Trust
Attn: Bankruptcy Department
3476 Stateview Blvd, MAC #D3347-014
Fort Mill, SC 29715-7203

HSBC/ASC
POB 10335
Des Moines, IA 50306-0335

Internal Revenue Services
PO Box 7346
Philadelphia, PA 19101-7346

Midland Credit Management, Inc. As agent for
PO Box 2036
Warren, MI 48090-2036

NYC Water Board
POB 11863
Newark, NJ 07101-8163

NYS Dept of Tax & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205-0300

Ocwen
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409-6493

PNC Bank, NA
PO Box 94982
Cleveland, OH 44101-4982

US Bank/ASC
POB 10335
Des Moines, IA 50306-0335

Office of the United States Trustee
U.S. Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York

Jessica Spiegelman

Sworn to before me this
10th day of June, 2015

Notary Public

DAWN L MANERI
NOTARY PUBLIC STATE OF NEW YORK
LIC. #01MA6217594
COMMISSION IN SUFFOLK COUNTY
COMM. EXP. 02/08/20__